Amy L. Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 877-788-2864
aginsburg@creditlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJESH ANNE, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN HONDA MOTOR, CO., <br><br> Defendant. | Case No.: <br><br> **COMPLAINT** <br><br> 1. **MASSACHUSETTS NEW CAR LEMON LAW, M.G.L. CH. 90 § 7N 1/2** <br> 2. **BREACH OF EXPRESS WARRANTY UNDER THE MAGNUSON-MOSS WARANTY ACT;** <br> 3. **BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY UNDER THE MAGUNSON-MOSS WARRANTY ACT** <br> 4. **BREACH OF EXPRESS WARRANT UNDER THE CALIFORNIA UCC** <br> 5. **BREACH OF IMPLIED WARRANTY UNDER THE CALIFORNIA UCC** |

# COMPLAINT

Plaintiff, Rajesh Anne ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., allege and complain as follows:

## BACKGROUND

1. Plaintiff is an individual residing in the City of Newbury Park, Ventura County, in the State of California.

2. Defendant AMERICAN HONDA MOTOR, CO. (hereinafter referred to as "Manufacturer") is a corporation doing business in Ventura County in State of California, and, at all times relevant herein, was/is engaged in the manufacture, sale, distribution, and/or importing of Honda motor vehicles and related equipment.

3. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendant acted through its agents, servants, and/or employees. Plaintiff is informed and believes, and thereon alleges, that in doing the things hereinafter alleged Defendant's agents, servants, and/or employees were acting in the course and scope of their employment as such agents, servants, and/or employees, and with the permission, consent, knowledge, and/or ratification of Defendant, principals, and/or employers.

## FACTUAL ALLEGATIONS

4. Before September of 2019, Defendant manufactured and/or distributed

into the stream of commerce a new 2019 Honda CR-V, VIN 2HKRW2H86KH647956 (hereinafter referred to as the "Vehicle").

5.  Plaintiff purchased the Vehicle from Defendant's authorized dealership on or around September of 2019 in Everett, Massachusetts.

6.  The subject Vehicle was/is a "motor vehicle" under Massachusetts New Car Lemon Law.

7.  Along with the purchase of the Vehicle, Plaintiff received written warranties and other express and implied warranties including, but not limited to, warranties from the Manufacturer that the Vehicle and its components would be free from all defects in material and workmanship; that the Vehicle would be fit for the ordinary purposes for which it was intended; that the Vehicle would confirm to the promises and affirmations of fact made; that Defendant would perform any repairs, alignments, adjustments, and/or replacements of any parts necessary to ensure the Vehicle was free from any defect in material and workmanship; that Defendant would maintain the utility of the Vehicle for three years or 36,000 miles pursuant to the basic warranty, five years or 60,000 miles drivetrain warranty, and would conform the Vehicle to the applicable express warranties. A copy of the written warranty is in possession of the Defendant.

8.  Plaintiff has duly performed all the conditions on Plaintiff part under the purchase agreement and under the express and implied warranties given to the

Plaintiff, except insofar as the acts and/or omissions of the Defendant prevented and/or excused such performance.

9. Plaintiff has delivered the Vehicle to the Manufacturer's authorized service and repair facilities, agents and/or dealers on several separate occasions resulting in the Vehicle being out of service by reason of repair of nonconformities.

10. Each time Plaintiff delivered the nonconforming Vehicle to a Manufacturer-Authorized service and repair facility, Plaintiff notified Defendant, of the defects, malfunctions, misadjustments, and/or nonconformities existent with the Vehicle and demanded that Manufacturer or its representatives repair, adjust, and/or replace any necessary parts to conform the Vehicle to the applicable warranties.

11. Each time Plaintiff delivered the nonconforming Vehicle to a Manufacturer-authorized service and repair facility, Defendant through its authorized service facility represented to Plaintiff that they could and would conform the Vehicle to the applicable warranties, that in fact they did conform the Vehicle to said warranties, and that all the defects, malfunctions, misadjustments, and/or nonconformities have been repaired; however, Manufacturer or its representatives failed to conform the Vehicle to the applicable warranties because said defects, malfunctions, misadjustments, and/or nonconformities continue to

exist even after a reasonable number of attempts to repair was given.

## FIRST CAUSE OF ACTION
**(Violation of the Massachusetts New Car Lemon Law, M.G.L. ch. 90 §7N 1/2)**

12. Plaintiff realleges each and every paragraph (1-11) and incorporate them by this reference as though fully set forth herein.

13. Defendant, through its authorized repair agent(s), made three or more repair attempts to address the same general defect in the Vehicle, without success

14. Upon its failure to repair the Vehicle in three repair attempts, in addition to one final repair attempt, Defendant failed to offer Plaintiff a substitution of collateral or repurchase of the Vehicle.

15. Defendant failed to provide Plaintiff with accurate warranty receipts of each and every repair attempted on the Vehicle.

16. Defendant sold Plaintiff a defective vehicle that has never met the original purpose of "dependable, reliable and safe transportation," and has hindered Plaintiff with consistent malfunctions and impairments of use.

17. Due to Defendant's violation(s) of the M.G.L. ch. 90 §7N1/2, Plaintiff has incurred damage as a result.

## SECOND CAUSE OF ACTION
**(Breach of Written Warranty Under Magnuson-Moss Warrant Act)**

18. Plaintiff herein realleges each and every paragraph (1-17) and incorporate them by this reference as though fully set forth herein.

19. Plaintiff are each a "Consumer" as defined in the Magnuson-Moss Warranty Act (hereinafter referred to as the "Warranty Act") 15 U.S.C. §2301(3).

20. The Seller is a "Supplier" and "Warrantor" as defined by the Warranty Act, 15 U.S.C. §2301(4), (5).

21. The Manufacturer is a "Supplier" and "Warrantor" as defined by the Warranty Act, 15 U.S.C. §2301(4), (5).

22. The Vehicle is a "Consumer Product" as defined in the Warranty Act, 15 U.S.C. §2301(1).

23. The Vehicle was manufactured, sole, and leased/purchased after July 4, 1975.

24. The express warranty given by the Manufacturer pertaining to the Vehicle is a "Written Warranty" as defined in the Warranty Act, 15 U.S.C. §2301(6).

25. The Seller is an authorized dealership/agent of the manufacturer designated to perform repairs on Vehicles under the Manufacturer's warranties.

26. The above-described actions (failure to repair and/or properly repair the above-mentioned defects, etc.), including failure to honor the written warranty, constitute a breach of the written warranty by the Manufacturer actionable under the Warranty Act, 15 U.S.C. §2301(d)(1), (2).

27. As a direct result of the Manufacturer's acts and/or omissions, Plaintiff

has suffered damages as set forth herein. Therefore, Plaintiff is entitled to a judgment and the following relief against Defendant: (1) A declaration that acceptance has been properly revoked by Plaintiff and for damages incurred in revoking acceptance; (2) A refund of the purchase price paid by Plaintiff for the Vehicle; (3) Cancellation of Plaintiff' retail installment contract and payment in full of the balance of same; (4) Consequential, incidental, and actual damages to be proved at trial; (5) Costs and expenses including actual attorneys' fees reasonably incurred; (6) Prejudgment interest at the legal rate; and (7) Such other relief the Court deems appropriate.

## THIRD CAUSE OF ACTION
### (Breach of Implied Warranty Under Magnuson-Moss Warrant Act)

28.   Plaintiff realleges each and every paragraph (1-27) and incorporate them by this reference as though fully set forth herein.

29.   The above-described actions on the part of Defendant constitute a breach of implied warranty of merchantability actionable under the Warranty Act, 15 U.S.C. §2301(7), §2308, §2310(d)(1), (2).

30.   As a direct result of the Defendant's acts and/or omissions, Plaintiff has suffered damages as set forth herein. Therefore, Plaintiff are entitled to judgment against all Defendant declaring acceptance has been properly revoked by Plaintiff and for damages incurred in revoking acceptance, for a refund of the purchase price paid by Plaintiff for the Vehicle, for cancellation of Plaintiff's retail

installment contract and for payment in full by Defendant on the balance of the installment contract, for consequential, incidental, and actual damages, for costs, prejudgment interest at the legal rate, for actual attorneys' fees reasonably incurred, and such other relief the Court deems appropriate.

## FOURTH CAUSE OF ACTION
### (Breach of Express Warranty under the California Uniform Commercial Code)

31. Plaintiff herein re-alleges each and every paragraph (1-30) and incorporates them by this reference as though fully set forth herein.

32. The California Uniform Commercial Code provides any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise. Cal. Com. Code § 2313 (1)(a).

33. The warranty given by the Manufacturer pertaining to the Vehicle is an "Express Warranty" as defined by Cal. Com. Code § 2313 (1)(a).

34. The above-described actions (failure to repair and/or properly repair the above-mentioned defects, etc.), including failure to honor the written warranty, constitute a breach of the written warranty by the Manufacturer actionable under the California Uniform Commercial Code.

# FIFTH CAUSE OF ACTION
### (Breach of Implied Warranty under the California Uniform Commercial Code)

35.  Plaintiff herein re-alleges each and every paragraph (1-34) and incorporates them by this reference as though fully set forth herein.

36.  The California Uniform Commercial Code provides a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale. Cal. Com. Code § 2314(1).

37.  Further, in order for goods to be merchantable they must be fit for the ordinary purposes for which such goods are used. Cal. Com. Code § 2314(2)(c).

38.  The above-described actions on the part of Defendant constitute a breach of implied warranty of merchantability actionable under the California Uniform Commercial Code.

WHEREFORE, Plaintiff, RAJESH ANNE, respectfully prays for a judgment against all Defendant, and each of them, as follows:

a.  For replacement or restitution, according to proof;

b.  For incidental damages, according to proof;

c. For consequential damages, according to proof;

d. For actual attorney's fees, reasonably incurred;

e. For costs of suit and expenses, according to proof;

f. For the difference between the value of the Vehicle as accepted and the value the Vehicle would have had if it had been as warranted;

g. For remedies provided in Chapters 6 and 7 of Division 2 of the Commercial Code;

h. For pre-judgment interest at the legal rate;

i. For other relief the Court deems appropriate.

                              RESPECTFULLY SUBMITTED,

                              KIMMEL & SILVERMAN, P.C..

DATED: 03/02/2021         By: */s/ Amy L. Bennecoff Ginsburg*
                                         Amy L. Bennecoff Ginsburg
                                         Kimmel & Silverman, P.C
                                         30 East Butler Pike
                                         Ambler, PA 19002
                                         Telephone: (215) 540-8888
                                         Facsimile (215) 540-8817
                                         Email: teamkimmel@creditlaw.com